US Bank N.A. v Brown (2026 NY Slip Op 00483)

US Bank N.A. v Brown

2026 NY Slip Op 00483

Decided on February 03, 2026

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: February 03, 2026

Before: Webber, J.P., Kennedy, Mendez, Rodriguez, Michael, JJ. 

Index No. 380266/12|Appeal No. 5733, 5733A|Case No. 2025-00184|

[*1]US Bank National Association, as Trustee for Credit Suisse First Boston Mortgage Securities Corp., CSAB Mortgage-Backed Trust 2006-2, Plaintiff-Respondent,
vShirley Brown, et al., Defendants. Taheir Brown, Non-Party Appellant.

Michael Kennedy Karlson, New York, for appellant.
Reed Smith LLP, New York (Andrew B. Messite of counsel), for respondent.

Order, Supreme Court, Bronx County (Naita A. Semaj, J.), entered on or about December 19, 2024, which, to the extent appealed from, denied nonparty appellant's motion for leave to renew his motion to vacate the auction sale, referee's deed, and all subsequent transfers of interest, and to intervene, unanimously affirmed, without costs. Appeal from aforementioned order, unanimously dismissed, without costs, to the extent it denied nonparty appellant's motion to reargue, as taken from a nonappealable order.
Nonparty appellant is the son of defendant borrowers Shirley Brown and Trevor Brown, both deceased, who owned property in the Bronx. Plaintiff commenced a foreclosure action on the property on March 14, 2012 and a judgment of foreclosure and sale was entered on February 27, 2020. By motion made several days after the foreclosure sale of the property on June 24, 2024, nonparty appellant pro se sought to vacate and set aside the sale, asserting that he had an ownership interest in the property. Nonparty appellant further asserted that the sale should have been cancelled and stayed because of the automatic stay that arose from his filing for personal bankruptcy on June 20, 2024. Supreme Court denied the motion, and nonparty appellant moved to renew and reargue.
Supreme Court providently exercised its discretion in denying nonparty appellant's motion insofar as it sought leave to renew. There was no evidence submitted on nonparty appellant's first motion establishing him as the borrowers' child or distributee; therefore, nothing established that he had an interest in or ownership of the foreclosed property. Although he asserted in the motion that he was Shirley Browns's heir and her appointed administrator, he attached Trevor Brown's death certificate and limited letters of appointment allowing him to act on behalf of Trevor Brown. However, nothing in the motion established that nonparty appellant was Trevor Brown's heir, such as a birth certificate, or even a statement that he was Trevor Brown's child — something that was certainly known to him at the time.
Therefore, nothing in the second motion shows that there were any new facts unknown to nonparty appellant at the time of the first motion, and he has offered no reasonable justification for failing to present the relevant facts on his original motion (CPLR 2221[e]; see William P. Pahl Equip. Corp. v Kassis, 182 AD2d 22, 27 [1st Dept 1992]). Although nonparty appellant argued in his second motion that Supreme Court should have acted to ascertain his ownership interest in the property, he did not advance that argument in the first motion.
We acknowledge that nonparty appellant proceeded pro se on his first motion, and that some latitude might therefore be warranted. Nevertheless, under the circumstances presented here, nonparty appellant has failed to establish good cause for leave to renew in the interest of justice. On the contrary, he waited over four years after Trevor Brown's death to object to the foreclosure proceedings, and when he finally did object, it was by filing a bankruptcy petition several days before the scheduled sale and moving for relief only after the sale (see Ok Sun Chong v Scheelje, 218 AD3d 691, 692 [2d Dept 2023]; cf. Kaszar v Cho, 160 AD3d 501, 502 [1st Dept 2018]).
To the extent the second motion can be read as one to reargue, the law is clear that no appeal lies from denial of a motion to reargue (Slabakis v Poyiadjis, 239 AD3d 554, 554 [1st Dept 2025]).
The court also properly denied nonparty appellant's belated motion to intervene in the foreclosure action, as he failed to include any proposed answer or other pleading to the foreclosure complaint. This omission is fatal to his motion (CPLR 1014; U.S. Bank Trust N.A. v 21647 LLC, 217 AD3d 429, 429 [1st Dept 2023]). Moreover, final judgment was entered before Trevor Brown's death and was neither appealed nor vacated, and nothing in nonparty appellant's submissions contains any defenses to the action or any basis to intervene months after the foreclosure sale and title to the property had passed to a new purchaser.
Finally, nonparty appellant has demonstrated no irregularities in the foreclosure sale sufficient to otherwise warrant its vacatur, nor has he demonstrated that his substantial rights have been prejudiced (see U.S. Bank N.A. v Martinez, 162 AD3d 528, 528-529 [1st Dept 2018]; Bankers Trust Co. of Cal., N.A. v Wen Zhou, 57 AD3d 294, 294 [1st Dept 2008]).
We have considered nonparty appellant's remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 3, 2026